UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SEAN D. HAEUSSINGER, II,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>BILL GORE, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 22-CV-186-RSH-DDL<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISSING COMPLAINT WITHOUT PREJUDICE**<br><br>[ECF No. 2] |

This Order addresses Plaintiff's motion to proceed *in forma pauperis* ("IFP"). The Court GRANTS Plaintiff's IFP motion and, after screening the Complaint, DISMISSES the Complaint without prejudice.

**I.   MOTION TO PROCEED IFP**

"Plaintiffs normally must pay $350[1] to file a civil complaint in federal district court, 28 U.S.C. § 1914(a), but 28 U.S.C. § 1915(a)(1) allows the district court to waive the fee,

---

[1]   In addition to the $350 statutory fee, civil litigants ordinarily must pay an administrative fee of $52. See 28 U.S.C. § 1914(b); J. Conference Sched. of Fees, D. Ct.

1

for most individuals unable to afford it, by granting IFP status." *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). A court may authorize the commencement of a suit without prepayment of fees if a plaintiff submits an affidavit, including a statement of all his assets, showing that he is unable to pay the filing fee. 28 U.S.C. § 1915(a). The determination of indigency falls within the district court's discretion. *Cal. Men's Colony v. Rowland*, 939 F.2d 854, 858 (9th Cir. 1991), *rev'd on other grounds*, 506 U.S. 194 (1993). A party need not be completely destitute to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). To satisfy the requirements of 28 U.S.C. § 1915(a), "an affidavit [of poverty] is sufficient which states that one cannot because of his poverty pay or give security for costs . . . and still be able to provide himself and dependents with the necessities of life." *Id*. at 339.

Plaintiff submits an affidavit indicating that he and his spouse are currently unemployed and have fewer than five dollars in their bank accounts. ECF No. 2 at 2. Plaintiff owns no assets. *Id*. at 3. The Court finds that the affidavit sufficiently shows that Plaintiff is unable to pay the filing fee. If, however, it appears at any time in the future that Plaintiff's financial picture has improved, the Court will direct Plaintiff to pay the filing fee to the Clerk of the Court. This includes any recovery that Plaintiff may realize from this suit or others, and any assistance Plaintiff may receive from family or the government.

## II.   INITIAL SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)

The Court is obligated to screen all cases filed IFP pursuant to 28 U.S.C. § 1915(e)(2)(B); *see Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) ("[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners."). Under that provision, the Court "shall dismiss" the case if it determines that the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks relief against a defendant who is immune from such relief.

---

Misc. Fee Sched., § 14 (eff. Dec. 1, 2020). The additional administrative fee, however, does not apply to persons granted leave to proceed IFP. *Id*.

### A. PLAINTIFF'S COMPLAINT

Plaintiff's allegations arise from a February 6, 2020 incident at Grossmont College's Office of Student Health Services, during which Plaintiff claims Elaine Adlam, a registered nurse, and Julie Little, a social worker – neither of whom are defendants – "obstructed access to [his] [mental-health intake] appointment in retaliation for acting as a student-complainant with disabilities." ECF No. 1 at 2. Shortly afterwards, Defendants Dean Allen and Alfred Gathings, who are Deputy Sheriffs and Counseling and Psychological Services (CAPS) Officers for Grossmont College, allegedly "breeched the office," and "interfered" with a discussion involving Plaintiff. *Id*. Plaintiff alleges Defendant Allen "snapped his fingers against the left side of [Plaintiff's] face for ignoring him . . . and defiantly asked 'Or what?' when [Plaintiff] told him not to." *Id*. Plaintiff claims Allen then "told [Plaintiff] lies that Little told [Allen]; *i.e.*, that [Plaintiff] 'blocked' or 'locked' [Little's] egress." *Id*. According to Plaintiff, that lie gave him a panic attack and gave him a flashback to an unrelated 2012 assault and battery. *Id*. Plaintiff further alleges that Defendant Gathings "acted inappropriately" by suggesting that Plaintiff's complaint concerning Adlam and Little was "inappropriate" and by saying "it was okay for Allen to insult my appearance (where I 'looked like [I] need[ed] services')." *Id*.

Plaintiff further alleges that Defendant Kenneth Jones, from Internal Affairs, issued a September 16, 2020 letter that found no misconduct arising from the incident. *Id*. The Complaint claims that Jones's letter engaged in "DARVO (Deny, Attack, Reverse Victim/Offender)," and "guiltily specified that Allen hit the front of [Plaintiff's] face, and that [Plaintiff] was in the wrong for being a disabled accuser." The letter, according to Plaintiff, "wrongly insinuated that the bodycam footage did not support [Plaintiff's] allegations, and that [Plaintiff] was somehow liable for the consequences of Adlam's and Little's actions." *Id*.

Plaintiff does not identify a cause of action, or allege a violation of any federal law or provision of the U.S. Constitution. He alleges instead that Defendants Allen and Gathings engaged in behavior punishable under California's conspiracy and hate crime

penal code provisions. *Id*. (citing Cal. Penal Code §§ 182, 422.6, 422.7). Plaintiff requests a preliminary injunction "enjoining the knowing and willful distortion of allegations, facts, and evidence that is or ought to already be enjoined . . . and any other means for accused 'Peace' Officers to avoid responsibility at the expense of injustice to accusers." *Id*. at 3. He also requests court orders terminating Defendants Allen and Gathings from their positions as Deputy Sheriffs and CAPS Officers, forever barring them from working in law enforcement, and requiring the District Attorney to file a criminal action against Defendants.

### B. DISCUSSION

The Court must liberally construe Plaintiff's Complaint and analyze whether it plausibly states a claim for relief. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is 'to be liberally construed' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'") (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

However, it is unclear what claims Plaintiff pursues. To the extent Plaintiff invokes California Penal Code Sections 182, 422.6, and 422.7 to argue that Defendants should be prosecuted, ECF No. 1 at 2, he fails to state a claim because "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another." *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) ("[A] private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Plaintiff does not cite any other state or federal law, or any Constitutional provision, that would provide a cause of action.

The Complaint includes no allegations regarding Defendant Bill Gore, and thus fails to state a claim with respect to that Defendant. The Complaint also fails to allege facts plausibly supporting a claim for relief against Defendant Jones; Plaintiff's mere

disagreement with the September 16, 2020 Internal Affairs letter is insufficient.[2] ECF No. 1 at 2. Likewise, Plaintiff's allegations that Defendant Gathings described Plaintiff's complaints as "inappropriate" or "suggest[ed] . . . that it was okay for Allen to insult my appearance (where I 'looked like [I] need[ed] services')" fails to state a plausible ground for relief.

Plaintiff's Complaint also fails to state claim with respect to Defendant Allen. To the extent Plaintiff's allegations are read as alleging use of excessive force in violation of the Fourth Amendment, in order to state such a claim, a plaintiff must allege facts sufficient to establish a seizure in which "the officers used excessive force, *i.e.*, force that was not 'objectively reasonable' in light of the facts and circumstances confronting the officer." *Robinson v. Solano Cty.*, 278 F.3d 1007, 1013 (9th Cir. 2002) (quoting *Graham v. Connor*, 490 U.S. 386, 397). Plaintiff alleges that Allen "snapped his fingers against the left side of [Plaintiff's] face." ECF No. 1 at 2. Defendant Allen allegedly did this because Plaintiff was "ignoring him." *Id*. Even as alleged, there is no seizure, and this is a *de minimis* use of force that is insufficient to support a constitutional claim for excessive force. *See Graham*, 490 U.S. at 396 ("'Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers,' violates the Fourth Amendment.") (citation omitted); *Tuttelman v. City Of San Jose*, 420 F. App'x 758, 763 (9th Cir. 2011) (finding officer's act of grasping wrist after refusal to comply was the "sort of *de minimis* use of force [that] cannot ground an excessive force claim under the Fourth Amendment").[3]

---

[2] To the extent Plaintiff alleges fraud by Defendant Jones in relation to the September 16, 2020 Internal Affairs letter, he must "state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b).

[3] Plaintiff's allegations that Defendant Allen "told me lies that Little told him," ECF No. 1 at 2, does not sufficiently allege facts creating a plausible basis for relief.

5

22-CV-186-RSH-DDL

### III. CONCLUSION

For the foregoing reasons, the Court **DISMISSES** the Complaint without prejudice. The court is unprepared to declare that amendment would be absolutely futile at this stage. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995) ("A *pro se* litigant must be given leave to amend his or her complaint, and some notice of its deficiencies, unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.") (citing *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987)). Plaintiff may file an amended complaint within thirty (30) days of the date of this Order. If Plaintiff does not file an amended complaint in that time, the action will be dismissed.

**IT IS SO ORDERED**.

Dated: November 22, 2022

_____
Hon. Robert S. Huie
United States District Judge